IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM JOSEPH WASHINGTON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:16-CV-368
CRIM. NO. 2:99-CR-068
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed the instant Motion to Vacate under 28 U.S.C. § 2255. (Doc. 34). This matter is before the Court on the § 2255 Motion and Petitioner's Notice of Supplemental Authority (Doc. 41), the government's Response (Doc. 43), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## FACTS AND PROCEDURAL HISTORY

On August 27, 1999, Petitioner pled guilty pursuant to the terms of his Plea Agreement to one count of possession of a firearm by a convicted felon who had previously been convicted of three or more separate crimes of violence in violation of 18 U.S.C. § 922(g)(1) and § 924(e)(1). (Doc. 19, 20). On February 4, 2000, the Court imposed a term of 240 months imprisonment, to be followed by five years supervised release, such sentence to be served concurrently to a state court sentence that Petitioner was serving in Case No. 98CR-12-7241. (Doc. 26). The Court sentenced Petitioner under the Armed Career Criminal Act ("ACCA") of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, based on his prior convictions in the Franklin County Court of Common Pleas

on two counts of robbery, one count of aggravated robbery, and one count of aggravated assault. (*See* Presentence Investigation Report ("PSR"), at ¶¶ 15, 40, 41).  Petitioner did not appeal.

On April 25, 2016, he filed the instant Motion to Vacate under 28 U.S.C. § 2255. Petitioner asserts that he was sentenced unconstitutionally under the ACCA, in view of the United States Supreme Court's decision in *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (finding the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the ACCA to be unconstitutionally vague), because his prior convictions no longer qualify as predicate offenses for his sentence under the ACCA.  Petitioner also claimed that being required to serve his federal sentence consecutive to his state court sentence was in contravention of this Court's Judgment, but he has withdrawn that claim for review.  *See* Notice of Supplemental Authority (Doc. 41, PageID# 43).  Respondent argues that Petitioner's sole remaining claim fails to provide a basis for relief.  (*See generally* Doc. 43).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To obtain relief under 28 U.S.C. § 2255, a prisoner must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

2

In addition, "it is well-established that a § 2255 motion 'is not a substitute for a direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982))). Accordingly, if a claim could have been raised on direct appeal, but was not, the Court will not consider the claim via a § 2255 motion unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claim previously; or (2) that he is "actually innocent" of the crime. *Ray*, 721 F.3d at 761 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

## APPLICATION

Under the ACCA, a criminal defendant who possesses a firearm after three or more convictions for a "serious drug offense" or a "violent felony" is subject to a minimum sentence of 15 years and a maximum term of life in prison. 18 U.S.C. § 924(e)(1). The complementary sentencing guideline, U.S.S.G. § 4B1.4, provides:

> (a) A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.
>
> (b) The offense level for an armed career criminal is the greatest of:
>
> > (1) the offense level applicable from Chapters Two and Three; or
> >
> > (2) the offense level from § 4B1.1 (Career Offender) if applicable; or
> >
> > (3)(A) 34, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in § 4B1.2(a), or a controlled substance offense, as defined in § 4B1.2(b), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. 5845(a)*; or
> >
> > (B) 33, otherwise.*
>
> (c) The criminal history category for an armed career criminal is the greatest of:
>
> > (1) the criminal history category from Chapter Four, Part A (Criminal History), or § 4B1.1 (Career Offender) if applicable; or

3

>  (2) Category VI, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in § 4B1.2(a), or a controlled substance offense, as defined in § 4B1.2(b), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a); or
>
>  (3) Category IV.

The ACCA defines "violent felony":

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]*

18 U.S.C. § 924(e)(2) (emphasis added). The first prong, § 924(e)(2)(B)(i), is known as the "force clause." *See United States v. White*, No. 4:08-cr-103, 4:16-cv-752, 2016 WL 3945361, at *2 (N.D. Ohio July 19, 2016), while the italicized portion of subsection (ii) is known as the "residual clause," *Welch v. United States,* -- U.S. --, --, 136 S.Ct. 1257, 1261 (2016). The residual clause is the part of the statute that the Supreme Court in *Johnson* found to be unconstitutionally vague.

> In the *Johnson* Court's view, the "indeterminacy of the wide-ranging inquiry" made the residual clause more unpredictable and arbitrary in its application than the Constitution allows. *Id.*, at ––, 135 S.Ct., at 2557. "Invoking so shapeless a provision to condemn someone to prison for 15 years to life," the Court held, "does not comport with the Constitution's guarantee of due process." *Id.*, at ––, 135 S.Ct., at 2560.

*Welch*, 136 S.Ct. at 1262.

The Supreme Court in *Johnson* made clear, however, that "its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses" or "the use of a defendant's prior serious drug offense as an independent form of ACCA predicate conviction." *Smith v. United States*, No. 3:09-cr-147-TAV-HBG-1, 3:16-cv-265-TAN, 2016 WL 6581239, at *2 (E.D. Tenn. Nov. 4, 2016) (citing *Johnson*, 135 S.Ct. 2563; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015); *United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *9–13 (E.D. Mich. Sept. 20, 2015) (noting that *Johnson* does not affect a defendant's categorization as an armed career criminal based on his or her prior serious drug offenses).

Here, Petitioner's prior convictions forming the basis for his sentence under the ACCA are two counts of robbery, in violation of Ohio Rev. Code § 2911.02; one count of aggravated assault, in violation of Ohio Revised Code § 2903.12, and one count of aggravated robbery in violation of Ohio Revised Code §2911.01. (*See* PSR, at ¶¶ 15, 40, 41, 46, 47, 48).

**I.      Robbery (Two Counts)**

In 1984, Ohio's robbery statute, codified at Ohio Rev. Code § 2911.02, provided as follows:

> (A) No person, in attempted or committing a theft offense. . .  or in fleeing immediately after such attempt or offense, *shall use or threaten the immediate use of force against another.*
> (B) Whoever violates this section is guilty of robbery, an aggravated felony of the second degree.

*Id*. (emphasis added).  The Committee Comment to that statute explains, in relevant part, that:

> the difference between theft and robbery is an element of actual or potential harm to persons.  Also, robbery may be committed during an attempt at theft, in the commission of theft, or during flight after the attempt or theft, when the thief uses or threatens force against another.  The person against whom force is used or threatened need not be the victim of the theft itself.

Committee Comment to H 511, Ohio Rev. Code § 2911.02.

Thus, Petitioner's two prior robbery convictions included, as an element of each offense charged, the use or threatened use of physical force against the person of another, thereby qualifying as a "violent offense" under § 924(e)(1)(B)(ii), or the "force clause" of the ACCA—and not constitutionally vague "residual clause" of 924(e)(1)(B)(i) at issue in *Johnson*. A statute falls within the "force clause" of the ACCA so long as it punished only "conduct involving the use or attempted use of physical force, the statute does not need to expressly mirror the language of the use-of-force clause." *White*, 2016 WL 3945361, at *2. Based upon the plain language of the statute, the undersigned concludes that Ohio's robbery statute, as codified in 1984, qualifies as a "violent crime" under the "force clause" of the ACCA.

Other courts to address the question have come to the same conclusion. *See United States v. Ginter*, No. 15-cv-7414, 2016 WL 347663, at *6 (E.D. Ky. Jan. 28, 2016):

> In 1983, the Ohio robbery statute provided that, "[n]o person, in attempting or committing a theft offense ... or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another."12 Ohio Rev. Code § 2911.02(A) (effective Jan. 1, 1974). This language closely tracks the language in 18 U.S.C. § 924(e)(2)(B)(i). Additionally, Ohio defined "force" as "violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." Ohio Rev. Code § 2901.01(A)(1) (effective July 21, 1982) (emphasis added). Consequently, Ginter was convicted of an offense that had as an element the use or threatened use of physical violence, compulsion, or constraint, all of which address force "strong enough to constitute power." *Johnson*, 559 U.S. at 142. Moreover, physical violence, compulsion, and constraint address "force capable of causing physical pain or injury" to another. *Id*. at 140.
>
> While Ohio's definition of the term "force" included violence exerted upon a "thing," Ohio's robbery definition narrowed the use of physical force to a person. Ohio Rev. Code § 2911.02(A). As a result, the magistrate judge properly concluded that Ginter's prior conviction for robbery in 1984 qualified as a violent felony under the "use of force" clause in 18 U.S.C. § 924(e)(2)(B)(i). *See United*

6

> *States v. McMurray*, 653 F.3d 367, 374 n.6 (6th Cir. 2011) (citing *United States v. Mansur*, 375 Fed.Appx. 458, 464 (6th Cir. 2010) (holding that attempted robbery in Ohio qualified under the ACCA's "use of force" clause)); *United States v. Logan*, 16 F.3d 1222 (Table), at *1, 1994 WL 49587 (6th Cir. 1994). [Record No. 113, p. 19].

*Id.*; *see also United States v. Wright*, 2016 U.S. Dist. LEXIS 152592 (S.D. Ohio Nov. 3, 2016) (reaching same conclusion); *United States v. Robinson*, No. 1:01-cr-528, 2016 WL 2962229, at *1-2 (N.D. Ohio May 23, 2016) (reaching same conclusion under different version of Ohio robbery statute). This Court follows suit and concludes that Petitioner's two robbery convictions qualify as violent felonies under the ACCA.

## II.  Aggravated Assault (One Count)

Petitioner's September 27, 1990, conviction pursuant to his guilty plea on one count of aggravated assault, in violation of Ohio Rev. Code § 2903.12, also formed the basis for his sentence under the ACCA. (Doc. 41-3, PageID# 56.) At the time of Petitioner's 1990 conviction, Ohio's aggravated assault statute, codified at Ohio Revised Code § 2903.12, provided:

> (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly;
> (1) Cause serious physical harm to another;
> (2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
> (B) Whoever violates this section is guilty of aggravated assault, a felony of the fourth degree.

*Id.*

Seemingly relying on *United States v. Mathis*, -- U.S. --, 136 S.Ct. 2243 (2016), Petitioner argues that the foregoing Ohio statute fall outside the generic definitions of the

7

offenses of robbery and aggravated assault, and that the Court therefore must look solely to the elements of the offense charged, and not the circumstances of the offense, in order to determine whether the prior convictions qualify as a crime of violence under the ACCA. Specifically, Petitioner argues that his prior convictions on robbery and aggravated assault fail to qualify as "violent felonies" under the terms of the ACCA. (*See* Doc. 41). The undersigned notes, however, that Petitioner seems to rely on a later version of the Ohio statute in making this argument.

As discussed, the ACCA requires an enhanced sentence for a defendant who has at least three prior convictions for a "violent felony," including "burglary, arson, or extortion." 18 U.S.C. § 924(e)(2)(B)(ii). In determining whether a past conviction qualifies as a "violent felony" within the meaning of the ACCA, *Mathis* instructs courts to analyze the statute upon which the predicate conviction was based. If the statute is "one that enumerates various factual means of committing a single element," *Mathis*, 136 S. Ct. at 2249, "courts compare the elements of the crime of conviction with the elements of the 'generic' version of the listed offense – *i.e.*, the offense as commonly understood." *Id.* at 2247. In so doing, courts apply the "categorical approach," which focuses solely on the elements of the crime of conviction and ignoring the particular facts of the case. *Id*. at 2248 (citing *Taylor v. United States*, 495 U.S. 575, 600–01 (1990)). A prior conviction under such a statute qualifies as an ACCA predicate offense only if its elements are the same as, or narrower than, those of the generic offense. *Id*. at 2247. However, where a statute lists elements in the alternative, defining multiple crimes, courts apply a "modified categorical approach" and may look "to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of" in order to determine whether a defendant's prior

8

conviction qualifies as an ACCA predicate offense.  *Id*. at 2249 (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005); *Taylor*, 495 U.S. at 602).

> The Supreme Court defines "physical force" as "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) (emphasis in original). If it is possible to convict a person under the statute for conduct not involving the use, attempted use, or threatened use of physical force, then that crime cannot constitute a predicate felony under the "use-of-physical-force" clause. *See Descamps v. United States*, ––– U.S. –––– , 133 S.Ct. 2276, 2283, 186 L.Ed.2d 438 (2013); *Taylor v. United States,* 495 U.S. 575, 599–600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Therefore, for Defendant's [] convictions to qualify on their face as "violent felonies," they must necessarily involve the use, attempted use, or threat of physical force.

*United States v. Pittro*, 464 F. App'x 481, 483 (6th Cir. 2016).

The United States Court of Appeals for the Sixth Circuit has concluded that, applying the "categorical approach," "a conviction under Ohio's aggravated assault statute qualifies as a 'crime of violence' when applying the career-offender enhancement because it 'is one of the enumerated crimes of violence listed in Application Note 1 to the career offender guideline and the offense requires knowing and intentional conduct.'"  *United States v. Morris*, 641 F. App'x 457, 461 (6th Cir. 2016) (citing *United States v. Rodriguez*, 664 F.3d 1032, 1038 (6th Cir. 2011)); *see also United States v. Moore*, Nos. 5:15-cr-00030-DAP, -- F.Supp.3d --, 2016 WL 4474846, at *3 (N.D. Ohio Aug. 25, 2016) (holding that Ohio's aggravated assault statute constitutes a violent felony under the "force clause" of the ACCA) (citing *United States v. Anderson*, 695 F.3d 390, 400 (6th Cir. 2012)); *Williams v. United States*, Nos. 2:16-cv-0318, 2:05-cr-110, 2016 WL 3866595, at *2–3 (S.D. Ohio July 12, 2016) (same); *United States v. White*, Nos. 4:08-cr-103, 4:16-cv-752, 2016 WL 3945361, at 3–4 (N.D. Ohio July 19, 2016)

9

(same). Consequently, Petitioner's claim that his prior conviction for aggravated assault does not qualify as a crime of violence under the Supreme Court's decision in *Johnson* fails.

### III. Aggravated Robbery (One Count)

Petitioner also argues that his aggravated robbery conviction is not a qualifying offense under the ACCA. (Doc. 41 at 15–17). Respondent does not address the argument, and the Court need not either because Petitioner already has three qualifying convictions.

## CONCLUSION

In sum, because Petitioner has at least three qualifying prior convictions to support his sentence under the ACCA, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.


Date:  March 3, 2017                                        /s/ Kimberly A. Jolson
                                                            KIMBERLY A. JOLSON
                                                            UNITED STATES MAGISTRATE JUDGE